

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,687-01

### EX PARTE SARONNA MICHELLE LITTLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 21381 IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to fifty-five years' imprisonment. The Court of Appeals affirmed her conviction. *Little v. State*, No. 06-06-00161-CR (Tex. App.—Texarkana May 30, 2007) (not designated for publication).

Applicant contends, among other things, that her trial counsel rendered ineffective assistance because he did not object to inadmissible testimony and did not convey a plea offer.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel raised by her writ application in Grounds 1–4. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law addressing Grounds 1–3 as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In addressing Ground 4, Applicant's failure to convey a plea offer claim, should the trial court determine that counsel did not convey a plea offer, the court shall make further findings addressing whether the applicant has shown by a reasonable probability that: (1) she would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish